UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHRAF FARHAN HUSNY SULAIMAN, | Case No. 5:26-cv-03184-MAR |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE |
| FERETI SEMAIA, ET AL., | |
| Respondents. | |

## I.

## **INTRODUCTION**

On June 9, 2026, Ashraf Farhan Husny Sulaiman ("Petitioner"), proceeding through counsel, filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. ECF Docket Nos. ("Dkt.") 1 ("Pet"). Petitioner argues his continued detention in Immigration and Customs Enforcement ("ICE") custody violates his Fifth Amendment due process rights, and seeks release. Id. at 18.[1] Respondents filed an Answer indicating they are not presenting an opposition argument. Dkt. 9. For the reasons set forth below, the Petition is **GRANTED**.

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

## II.

## BACKGROUND[2]

Petitioner is a native and citizen of the Palestinian Occupied Territories (the "POT") and came to the United States as a visitor in 2001 with his wife and his son "after he was falsely accused of ties to terrorists, jailed, and tortured…" Dkt. 1 ¶ 34; Dkt. 1-1 (Declaration of Ashraf Farhan Husny Sulaiman and Kelli M. Reynolds). Petitioner applied for asylum in 2001 or 2002. On June 18, 2015, Petitioner was ordered removed but his application for withholding of removal was granted. Id. ¶ 35; Pet., Ex. A (Order granting withholding of removal to "Occupied Territories"). Petitioner's wife and son were granted asylum. Id. Petitioner has regularly renewed his work permit based on his grant of withholding of removal. Id. Petitioner's wife and son are now United States citizens. Id. ¶ 36. Petitioner and his wife have three other children who are also United States citizens, the youngest of whom is five years old. Id. Petitioner has one non-violent conviction for conspiracy to possess stolen baby formula. Id. ¶ 37. On October 10, 2025, Petitioner received a letter to report to Enforcement and Removal Operations. Id. ¶ 38. On December 8, 2025, Petitioner was detained at his appointment and transferred to Adelanto, where he remains. Id.

Around December 17, 2025, a Deportation Officer ("DO") informed Petitioner's attorney that he was being removed to the POT. Id. ¶ 40. Respondents have since acknowledged that Petitioner cannot be removed to the POT due to the withholding order. Id. In March, Petitioner's immigration attorney sent the DO two emails requesting updates on Respondents' travel documents. Id. ¶ 41. Petitioner received a response that Respondents were seeking third country removal. Id. Petitioner received two documents entitled "Warning for Failure to Depart and

---

[2] The following facts are taken from the Petition, which is verified by Petitioner's counsel. Dkt. 1 at 19. Respondents had the opportunity to dispute these facts or provide contrary facts, but declined to do so. Dkt. 9. Indeed, Respondents' only response in their Answer is that "Respondents are not presenting an opposition argument to providing Petitioner a bond hearing at this time." Id. at 2. Accordingly, the facts presented by Petitioner are undisputed and conceded. See C.D. Cal. L.R. 7-12.

Instructions" which required him to submit his passport and other information.  Id. ¶¶ 43, 44.  Petitioner responded within the time provided indicated that he does not have a passport, does not have access to his identification documents while detained, and provided contact information for his son in the United States and his father in the POT.  Id. ¶ 45.  Petitioner also provided information that his family had inquired with the country of Jordan and were informed that Jordan will not accept Palestinians. Id. ¶ 47.

Petitioner's physical and mental health are suffering in detention.  Id. ¶ 49.  He still has not received any information about his removal to a third country.  Id.

## III.

## DISCUSSION

Generally, when a final order of removal is entered against an alien, the government will remove that person from the United States within a ninety-day "removal period."  Zadvydas v. Davis, 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(1)(A).  During that period, the government will normally hold the removable alien in custody.  Zadvydas, 533 U.S. at 682; 8 U.S.C. § 1231(a)(2)(A).  In some circumstances, the government may detain a removable alien beyond the ninety-day removal period.  8 U.S.C. § 1231(a)(6); see also Zadvydas, 533 U.S. at 689.

It is well-established, however, that the government's statutory authorization to detain an alien beyond the removal period does not permit indefinite detention. Zadvydas, 533 U.S. at 692, 699.  In cabining the period of detention permissible under 8 U.S.C. § 1231(a)(6) and the Fifth Amendment, the Supreme Court recognized a presumption that detention for up to six months is reasonable.  Id. at 701.  After six months, however, and upon a showing by the alien that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing or release the alien from custody.  Id.; see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076–78, 1080 (9th Cir. 2006).

3

Here, Petitioner has been detained for six months since he was detained on December 8, 2025. Pet. ¶ 54. Respondents have not removed him during that time nor during the eleven years that he has been subject to a removal order. Id. Petitioner is stateless, was born in the POT, has never lived in Jordan, and Respondents have identified no country willing to accept him. Id. He has no claim to citizenship in any country that would satisfy the statutory framework set forth at 8 U.S.C. § 1231(b)(2)(E), subsection (i) through (vi). Id. Petitioner has provided Respondents information regarding his family members to contact for assistance in removing him, but he has now been detained for over six months and has not received a travel document interview since ICE determined that he cannot be removed to the POT. Id. ¶ 55. Petitioner has met his burden to show good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Respondents have chosen not to present an opposition to the Petition. Dkt. 9. Therefore, Respondents have failed to meet their burden to rebut Petitioner's contention that his removal is not reasonably foreseeable. See, e.g., Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding no significant likelihood of removal where the respondents failed to provide "any details about why a travel document could not be obtained in the past, nor…why obtaining a travel document is more likely this time around").

In sum, the Court concludes that Petitioner's removal is not reasonably foreseeable under Zadvydas. See Zadvydas, 533 U.S. at 701. Accordingly, Petitioner's detention under 8 U.S.C. § 1231(a)(6) is no longer authorized and Petitioner is entitled to release. See id. at 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."); Nadarajah, 443 F.3d at 1080.

///

///

4

IV.

ORDER

**IT IS THEREFORE ORDERED**:

(1) the Petition is **GRANTED**;

(2) Respondents are **ORDERED** to immediately release Petitioner **Ashraf Farhan Husny Sulaiman (A-number unknown)** from custody;

(3) Respondents are **ORDERED** to file a Notice of Compliance within forty-eight hours of this Order; and

(4) Respondents are **ORDERED** not to re-detain Petitioner unless they can demonstrate, with specific facts individual to Petitioner, that Petitioner's removal is reasonably foreseeable.


Dated:  July 15, 2026

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

5